UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ZANKL, on behalf of himself and all other similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No.<br>) |
| vs. | )<br>) |
| ACCELETRONICS SERVICES, INC., | )<br>) |
| Defendant. | )<br>) |

**COMPLAINT**

Plaintiff, MICHAEL ZANKL, by his undersigned attorneys, for his Complaint against the Defendant ACCELETRONICS SERVICES, INC., alleges as follows:

**NATURE OF ACTION AND PARTIES**

1. This civil action is brought by the above-named individual plaintiff who seeks redress for the Defendant's violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. This action is brought as a nationwide collective action pursuant to 29 U.S.C. §216(b) alleging violations of the Fair Labor Standards Act.

2. Plaintiff Michael Zankl was employed by Defendant as a field services engineer. Defendant has three field service engineers in Illinois and others located around the country. Plaintiff and the other field service engineers work out of their homes. Generally speaking, field service engineers install, repair and maintain equipment at the customers' locations.

3. Defendant implemented a common scheme in all offices whereby Plaintiff and all other field service engineers were not paid for all hours worked and were not paid overtime for

hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").

4. The similarly situated individuals whom the Plaintiff seeks to represent are comprised of other field service engineers located around the country. Defendant knowingly and willfully failed to pay their wages in accordance with applicable federal law, including but not limited to overtime wages that were improperly underpaid due to Defendant's common compensation policy. Plaintiff seeks redress on behalf of himself and all others similarly situated. Plaintiff brings this action as a nationwide collective action pursuant to 29 U.S.C. §216(b) for violations of the FLSA.

5. Upon information and belief, at all times hereinafter mentioned, Defendant Acceletronics Services, Inc. ("Acceletronics") was and still is a foreign corporation with its headquarters in Exton, Pennsylvania.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendant pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as it conducted business within the state. *See* 735 ILCS 5/2-209.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

8. This lawsuit arises out of Defendant's practice of knowingly and willfully refusing to pay field service engineers for all hours worked in excess of forty hours each workweek.

9. At all times relevant, Plaintiff and all other field service engineers were non-exempt employees of Defendant Acceletronics, as defined by the FLSA. Plaintiff was employed by the Defendant from January 2006 until April 24, 2015.

10. At all times relevant, Acceletronics was an employer, as defined by the FLSA and Illinois state law.

11. Defendant Acceletronics is engaged in interstate commerce as that term is used in the FLSA.

12. At all times relevant, Plaintiff and all other field services engineers, in their capacity as employees of Defendant Acceletronics, were engaged in interstate commerce.

13. During the course of employment with Defendant Acceletronics, field service engineers, such as Plaintiff Zankl, were not exempt from the overtime wages statutes. However, field services engineers were paid salaries. For example, at the time he was hired, Plaintiff Zankl was paid at an annual rate of $80,000 a year. Plaintiff, like all field service engineers, was scheduled to work from home from 8:00 a.m. until 5:00 p.m. During that time, Plaintiff and all other putative class members were required to respond to all calls for service immediately upon receiving the call. Frequently the repair work was not completed until after 5:00 p.m.

14. When a service call was from equipment service or maintenance, Plaintiff frequently had to wait until after 5:00 pm to begin the work. Similarly, if Plaintiff had to repair equipment, he was expected to start before 8:00 a.m. so that the machine would be operable during the work day.

15. In addition, Plaintiff was regularly "on call" so that if equipment failed or needed service, Plaintiff was required to respond to the dispatch call within 15 minutes of the call being

made to him. Plaintiff then was responsible for driving to the location of the equipment and repairing or servicing it.

16. As a result of these responsibilities that started before 8:00 a.m. and either ran past 5:00 p.m., or started after 5:00 p.m., Plaintiff worked substantial overtime. Because Acceletronics did not keep track of the time of Plaintiff and other putative class members, plaintiff estimates that he worked on average about ten hours of overtime a week, in addition to the five hours of scheduled overtime.

17. Despite the fact that the filed service engineers were not exempt, Defendant did not track their work hours and did not pay them the proper wages they were owed, including payment of overtime wages for work in excess of 40 hours per week.

18. Plaintiff and the class are entitled to actual and liquidated damages for Defendant's actions.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

19. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

20. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of themselves and the following class of persons: All field service engineers employed by Acceletronics during the three years preceding the filing of this suit who give their consent in writing to become party plaintiffs ("FLSA Class").

21. All putative members of the class are similarly situated because, inter alia, they all had similar duties; performed similar tasks; were paid salaries; were entitled under the FLSA to be paid for all hours worked, to be paid overtime for all work in excess of 40 hours per week; and had such rights undermined and negated by Defendant's unlawful practices and policies.

22. Defendant has encouraged, permitted, and required the field service engineers to work without overtime compensation.

23. Defendant has known that Plaintiff and other members of the FLSA Class have performed unpaid work and have been deprived of overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Class all compensation for work in excess of 40 hours in a week.

24. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA Class.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

25. Plaintiff realleges and incorporates by reference all the above allegations.

26. Under the FLSA, the filed service engineers (hereinafter referred to as "The FLSA Class") were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each workweek.

27. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

28. Defendant failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

29. Defendant's violation of the FLSA for failure to pay The FLSA Class overtime wages was willful and deliberate.

30. Upon information and belief, Defendant's practice as described above was not approved in writing by the United States Department of Labor.

31. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

32. Due to Defendant's violation of the FLSA, The FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1. Award all actual damages suffered by Plaintiff and the filed service engineers;

2. Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA;

3. Award Plaintiff and the Class damages in the amount of overtime wages required by the FLSA and improperly denied them by Defendant's actions;

4. Award Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

5. Award Plaintiff punitive damages;

6. Award Plaintiff post-judgment interest;

7. Award Plaintiff reasonable attorneys' fees as well as the costs of this action;

8. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## **DEMAND FOR A TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues raised by the Complaint.

Dated: May 13, 2015          Respectfully submitted,

                                          MICHAEL ZANKL

                     By:     /s/ Terrence Buehler
                                         Terrence Buehler
                                         **Touhy, Touhy, & Buehler, LLP**
                                         55 West Wacker Drive
                                         Suite 1400
                                         Chicago, Illinois 60601
                                         Telephone: (312) 372-220929

                                         Peter Lubin
                                         Vincent DiTommaso
                                         **DiTommaso-Lubin**
                                         DiTommaso-Lubin P.C.
                                         The Oak Brook Terrace Atrium
                                         17W220 22d Street, Suite 200
                                         Oak Brook Terrace, IL 60181